IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTAL LARSON,
On behalf of herself
and all others similarly situated,

        Plaintiff,

v.                                              Case No. 14-2277-JTM

FGX INTERNATIONAL, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This case arises out of the alleged unpaid minimum and overtime wages to plaintiff Krystal Larson and other similarly situated FGX employees. Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Missouri Minimum Wage Maximum Hour Law ("MMWMHL"). Before the court is defendant FGX International, Inc.'s Motion to Dismiss (Dkt. 24).

**I. Background**

Plaintiff is a "Merchandiser" employed by defendant to collect and record product placement and inventory information from retail stores. Merchandisers drive to multiple retail stores each day, using their own vehicles. Plaintiff alleges that defendant inadequately reimburses Merchandisers for transportation and other work-related expenses. She further alleges the unreimbursed expenses, when debited from a Merchandiser's wage, yield earnings below minimum wage and without overtime pay.

Plaintiff filed her first Amended Complaint, with leave of the court, on September 22, 2014. (Dkt. 16). The Amended Complaint alleges three counts: Count I: FLSA minimum wage and overtime violations, pursuant to 29 U.S.C. §§ 206(a) and 207(a)(1); Count II: KWPA minimum wage and overtime violations; as provided by the FLSA; and Count III: MMWMHL minimum wage & overtime violations. Plaintiff seeks an opt-in collective action for Count I, pursuant to 29 U.S.C. § 216(b), and class actions for Counts II and III pursuant to FED. R. CIV. P. 23(b)(2) and (3).

Defendant moves to dismiss plaintiff's Count II KWPA claims pursuant to FED. R. CIV. P. 12(b)(6).

## II. Legal Standard

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When ruling on a 12(b)(6) motions, the court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* "While the 12(b)(6) standard does not require that [a] [p]laintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012).

### III. Analysis

Defendant argues that plaintiff's KWPA claims fail to state a claim upon which relief can be granted. The plausibility of plaintiff's KWPA claim turns on the interplay of the KWPA, the Kansas Minimum Wage Maximum Hour Law ("KMWMHL"), and the FLSA. The court finds that, under Kansas law, a state law claim paralleling FLSA overtime or minimum wage claims is not sustainable.

Defendant relies on decisions from this court to argue that Rule 23 claims for minimum wage and overtime violations brought under the KWPA must be dismissed because the same claims are asserted under the FLSA. (Dkt. 25, at 6-10) (citing *Wheaton v. Hinz JJ, LLC*, No. 14-2223-RDR, 2014 WL 5311310, at *1-2 (D. Kan. Oct. 16, 2014); *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *4-5 (D. Kan. Dec. 16, 2011); *Garcia v. Tyson Foods, Inc.*, 799 F. Supp. 2d 1167, 1187 (D. Kan. 2011)).

Plaintiff also relies on cases from this court, guided by *Elkins v. Showcase, Inc.*, 704 P.2d 977 (Kan. 1985), to argue that FLSA-based claims may be brought through the KWPA as alternative claims to actual FLSA claims. (Dkt. 28, at 4-9) (citing *Tarcha v. Rockhurst Univ. Continuing Educ. Ctr., Inc.*, No. 11-2487-KHV, 2012 WL 1998782, at *4 (D. Kan. June 4, 2012); *Rukavitsyn v. Sokolov Dental Labs., Inc.*, No. 12-2253-JAR, 2012 WL 3066578, at *4 (D. Kan. July 27, 2012); *Garcia*, 799 F. Supp. 2d at 1187).

### A. FLSA Minimum Wage and Overtime Claims Are Improper Under the KWPA

"The KWPA gives employees the right to receive their 'wages due' and concerns when and how those wages are paid out." *Garcia*, 766 F. Supp. 2d at 1187 (citing K.S.A. § 44-314). The KWPA does not provide any substantive rights, and is therefore only a

3

mechanism for recovery of "wages due." *See* K.S.A. §§ 44-312 to 44-327. The KWPA thus provides a very general state-law mechanism for enforcing the payment of wages earned by employees. The Kansas Supreme Court recently provided helpful insight into the nature of the KWPA[1]:

> The KWPA is an expansive and comprehensive legislative scheme that is broad in its scope and the rights created for Kansas workers to secure unpaid wages earned from their labors. It was enacted in 1973 and primarily sought to address problems being encountered by employees of small businesses. The KWPA's primary concern was to protect low income workers who were shorted, docked, or cheated out of pay for services performed. A goal of the legislation was to protect Kansas employees who were not then covered by the Fair Labor Standards Act (FLSA), minimum wage requirements, or the National Labor Relations Board.
>      The KWPA controls several aspects of wages and benefits for the Kansas worker that are not covered by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2012) *et seq.* The KWPA governs when wages must be paid, the manner in which they must be paid, and the circumstances in which wages can be withheld. The KWPA also requires employers to provide certain notice requirements with respect to the payment of wages and the provision of benefits. It provides for remedies and penalties for violation of its requirements. Notably, the KWPA does not contain any express provision relating to the payment of overtime, which is typically pursued under a FLSA claim.

*Craig v. FedEx Ground Package Sys., Inc.*, 335 P.3d 66, 73 (Kan. 2014) (internal quotations and citations omitted). The Kansas Supreme Court thus acknowledged that the KWPA is not the usual mechanism for overtime – and presumably minimum wage – claims under Kansas law.

The substantive provisions of Kansas state minimum wage and overtime law are found in the KMWMHL. *See* K.S.A. §§ 44-1201 to 44-1213. The KMWMHL "is the state

---

[1] While the question addressed in *Craig* was unrelated to the question now before the court, the Kansas Supreme Court's explanation of the KWPA is applicable here.

counterpart to the federal Fair Labor Standards Act . . . ." *Dollison v. Osborne Cnty.*, 737 P.2d 43, 48 (Kan. 1987). Under Kansas law, non-FLSA overtime and minimum wage claims are brought through the KMWMHL.[2] K.S.A. §§ 44-1201 to 1213. The KMWMHL does not apply to FLSA-covered employers. K.S.A. § 44-1202(d). Thus, Kansas has no substantive minimum wage or maximum hour law that covers FLSA employers – it relies on the FLSA.

The FLSA provides causes of action for minimum wage and overtime claims. 29 U.S.C. §§ 206 and 207. As a general rule, state law claims attempting to assert causes of action expressly provided for by federal statute are preempted. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997); *Hammond v. Lowe's Home Ctrs., Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004) ("As a general proposition, state law claims that merely seek to enforce the defined remedies of the FLSA are preempted."). Thus, to the extent that the KWPA could be interpreted as a mechanism for asserting FLSA-based claims for minimum or overtime wages, it would be preempted by §§ 206 and 207 of the FLSA. That is because any attempt to bring minimum wage or overtime claims against FLSA employers through the KWPA mechanism can only be an attempt to assert the remedies found in §§ 206 and 207 of the FLSA. The KWPA is therefore not a proper mechanism for asserting such claims. It is possible that, as in *Elkins*, some other FLSA-derived federal employment right may be enforceable through the KWPA. However,

---

[2] Notably, the court has not located Kansas cases where KMWMHL claims were brought through the KWPA; neither have the parties provided such authority.

minimum wage and overtime causes of action provided by the FLSA cannot be brought through the KWPA.

Here, plaintiff alleges that defendant is an FLSA employer. Therefore, under Kansas law, her KWPA claims for FLSA minimum wage and overtime violations are not plausible because they are legally impossible. To allow otherwise would be incompatible with Kansas's statutory wage and hour scheme. Plaintiff may proceed with a proposed combined action of an FLSA opt-in class for minimum wage and overtime claims and a Rule 23(b) opt-out class for all other unpaid wages under the KWPA – including non-minimum wage or overtime FLSA-defined wages earned.

However, Plaintiff's Count II, styled as "KWPA Minimum Wage & Overtime Claim," alleges only FLSA-derived minimum wage and overtime violations. (Dkt. 16, at 26). It does not allege that any other FLSA-derived rights were violated. Therefore, Count II is dismissed for failure to state a claim upon which relief can be granted.

The court notes that the decision of this court cited by plaintiff did not have the benefit of *Craig* to clarify the nature of the KWPA. Furthermore, the cases cited by defendant apply reason that comports with this ruling.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2015, that defendant's Motion (Dkt. 24) is GRANTED IN PART to the extent that Count II is DISMISSED.

s\ J. Thomas Marten
J. THOMAS MARTEN, JUDGE