IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTAL LARSON,
On behalf of herself
and all others similarly situated,

        Plaintiff,

v.                                            Case No. 14-2277-JTM

FGX INTERNATIONAL, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This case arises out of the alleged under-payment of wages to plaintiff Krystal Larson and other similarly situated employees of defendant FGX International, Inc. Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Missouri Minimum Wage Maximum Hour Law ("MMWMHL"). Before the court is plaintiff's Motion for Leave to Amend the Complaint (Dkt. 40). For the reasons set forth below, the motion is denied.

**I. Background**

Plaintiff is a merchandiser employed by FGX to collect and record product placement and inventory information from retail stores. Merchandisers drive to multiple retail stores each day, using their own vehicles. Plaintiff alleges that FGX inadequately reimburses merchandisers for transportation and other work-related

expenses. She further alleges that the under-reimbursed expenses, when debited from a merchandiser's wage, yield earnings below minimum wage and without overtime pay.

Plaintiff filed an Amended Complaint, with leave of the court, on September 22, 2014. (Dkt. 16). The Amended Complaint alleges three counts: Count I: FLSA minimum wage and overtime violations, pursuant to 29 U.S.C. §§ 206(a) and 207(a)(1); Count II: KWPA minimum wage and overtime violations, as provided by the FLSA; and Count III: MMWMHL minimum wage and overtime violations. Plaintiff seeks an opt-in collective action for Count I, pursuant to 29 U.S.C. § 216(b), and class actions for Counts II and III pursuant to FED. R. CIV. P. 23(b)(2) and (3).

On November 21, 2014, FGX moved to dismiss Count II for failure to state a claim under FED. R. CIV. P. 12(b)(6). (Dkt. 24). The court granted the motion, holding that minimum wage and overtime claims may not be brought under the KWPA against an FLSA-covered employer. (Dkt. 36). Plaintiff now seeks to amend the complaint again to re-assert a KWPA claim.

## II. Legal Standard

"[T]he court should freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). It is within a court's discretion to deny leave to amend if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotation and citations omitted). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

2

### III. Analysis

Plaintiff's proposed amendment would revise plaintiff's class definitions and alter Count II to seek recovery of unpaid straight-time wages and under-reimbursed expenses under the KWPA. FGX argues that the portion of proposed Count II which seeks recovery of under-reimbursed work-related expenses fails to state a KWPA claim.

Plaintiff's theory of the under-reimbursed expenses runs as follows. FGX employs merchandisers at a contracted hourly rate. FGX agreed to pay merchandisers $2.55 per store visit, evidencing an implied contractual obligation to reimburse reasonably approximated expenses. (Dkt. 43, at 6). However, $2.55 per store visit is significantly less than reasonably approximated actual expenses. This under-reimbursement resulted in a realized wage that is less than the contracted amount. Plaintiff clarifies that her Count I FLSA claim is to recover under-reimbursement of expenses that restore realized wages to minimum wage, and that the proposed Count II KWPA claim seeks further recovery of under-reimbursement to restore her realized hourly pay from minimum wage to the contracted rate.

FGX argues that the amendment is futile because reimbursements of expenses are not recoverable under the KWPA, and is therefore subject to dismissal. The court agrees.

### A. The KWPA is a mechanism for the recovery of wages due.

"The KWPA gives employees the right to receive their 'wages due' and concerns when and how those wages are paid out." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011) (citing K.S.A. § 44-314). The KWPA does not provide any

substantive rights, and is therefore only a mechanism for recovery of "wages due." *See* K.S.A. §§ 44-312 to 44-327. The KWPA "provides a mechanism for penalizing employers who withhold payment of *earned* wages; it does not enhance contractual remedies for those who enter into agreements with parties who happen to be their employers." *Fitzgerald v. City of Ottawa, Kan.*, 975 F. Supp. 1402, 1407 (D. Kan. 1997) (emphasis in original). Employees may use the KWPA to recover wages due under a lawful employment contract. *See Coma Corp. v. Kansas Dept. Labor*, 154 P.3d 1080, 1088 (Kan. 2007).

**B. Reimbursed expenses are not wages due under the KWPA.**

Under the KWPA, "wages" are "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis . . . ." K.S.A. § 44-313(c). Compensation determined on an "other basis" includes profit sharing, fringe benefits, and services performed under contract with a wage rate required by state or federal law. K.A.R. § 49-20-1(d). No authority addresses whether reimbursement for expenses qualifies as wages under the KWPA. Therefore, the court must determine whether reimbursed expenses are "wages" under the KWPA by predicting how Kansas courts would apply the KWPA, "based on its language, on the decisions of other state appellate courts, and on the evident purposes of the statute." *Williams v. United Parcel Serv., Inc.*, 527 F.3d 1135, 1140 (10th Cir. 2008).

Kansas law is clear that the KWPA's purpose is to recover "pay for services performed." *Craig v. FedEx Ground Package Sys., Inc.*, 335 P.3d 66, 73 (Kan. 2014). Elsewhere in Chapter 44 of the Kansas Statutes, the workers compensation statute

4

defines "wages" similarly to the KWPA: money or compensation an employee receives for services rendered to the employer. K.S.A. § 44-511(a)(3); *cf.* K.S.A. § 44-313(c). Under K.S.A. §44-511(a)(3), reimbursement is only counted as wages if it is not merely reimbursement of expenses, but is "real economic gain" to the employee. *Ridgway v. Board of Ford Cnty. Comms.*, 748 P.2d 891, 894 (Kan. Ct. App. 1987) (finding automobile reimbursement of $225 per month as wages where, "according to [employee], the $225 was gravy.").

The examples provided in K.A.R. § 49-20-1(d) as KWPA "wages" are of the same nature as those described in *Ridgway*; profit sharing, fringe benefits, and wages for services performed provide more than mere economic *restoration* to the employee – they provide economic *gain*.[1] The court believes that Kansas courts would interpret "wages" under the KWPA in the same manner as under the workers compensation statute in *Ridgway*. Accordingly, reimbursements for expenses – such as automobile maintenance, fuel, or other equipment necessary to perform a job – are only recoverable wages under the KWPA if they are due under an employment agreement and intended as extra financial gain to the employee, rather than mere reimbursement.

Here, plaintiff seeks recovery of *reasonably approximated* automobile and business expenses. Therefore, the proposed amendment patently seeks to recover mere reimbursement and not payments that represent financial gain to the employee. Such reimbursements are neither wages nor recoverable under the KWPA. Even if, as

---

[1] In contrast to wages, a reimbursement of expenses merely *restores* the employee to her pre-expense financial position; it does not place her ahead of the previous economic position.

suggested by plaintiff, FGX was contractually obligated to reimburse said reasonable expenses, recovery lies in breach of contract, not under the KWPA.[2] Plaintiff seeks recovery of mere reimbursement, not of unpaid "gravy."

Moreover, plaintiff does not allege that the actual contracted hourly wage was unpaid or withheld. She argues that the under-reimbursed expenses had the *effect* of wrongfully withholding wages. Her attempt to frame the under-reimbursement as withheld wages does not transmute the proposed claim into one that seeks to recover anything other than reimbursement of expenses. Regardless of how the argument is framed, the proposed amendment seeks to recover unpaid reimbursements, which are not recoverable under the KWPA.

Plaintiff's proposed Count II fails to state a claim upon which relief may be granted, and is therefore futile. Leave to amend the complaint is denied.

IT IS ACCORDINGLY ORDERED this 22nd day of May, 2015, that plaintiff's Motion (Dkt. 40) is DENIED.

                                                s\ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE

---

[2] As noted in *Fitzgerald*, the KWPA is "a mechanism for penalizing employers who withhold payment of *earned* wages; it does not enhance contractual remedies . . . ." 975 F. Supp. at 1407 (emphasis in original).