IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTAL LARSON,
On behalf of herself
and all others similarly situated,

Plaintiff,

v.                                                    Case No. 14-2277-JTM

FGX INTERNATIONAL, INC.,

Defendant.

## MEMORANDUM AND ORDER

This case arises out of the alleged under-payment of wages to plaintiff Krystal
Larson and other similarly situated employees of defendant FGX International, Inc.
Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage
Payment Act ("KWPA"), and the Missouri Minimum Wage Maximum Hour Law
("MMWMHL"). Before the court is plaintiff's Motion for Leave to Amend the
Complaint (Dkt. 45). For the reasons set forth below, the motion is granted.

### I. Background

Plaintiff is a merchandiser employed by FGX to collect and record product
placement and inventory information from retail stores. Merchandisers drive to
multiple retail stores each day, using their own vehicles. Plaintiff alleges that FGX
inadequately reimburses merchandisers for transportation and other work-related

expenses. She further alleges that the under-reimbursed expenses, when debited from a merchandiser's wage, yield earnings below minimum wage and without overtime pay.

Plaintiff filed an Amended Complaint, with leave of the court, on September 22, 2014. (Dkt. 16). The Amended Complaint alleges three counts: Count I: FLSA minimum wage and overtime violations, pursuant to 29 U.S.C. §§ 206(a) and 207(a)(1); Count II: KWPA minimum wage and overtime violations, as provided by the FLSA; and Count III: MMWMHL minimum wage and overtime violations. Plaintiff seeks an opt-in collective action for Count I, pursuant to 29 U.S.C. § 216(b), and class actions for Counts II and III pursuant to FED. R. CIV. P. 23(b)(2) and (3).

On November 21, 2014, FGX moved to dismiss Count II for failure to state a claim under FED. R. CIV. P. 12(b)(6). (Dkt. 24). The court granted the motion, holding that minimum wage and overtime claims may not be brought under the KWPA against an FLSA-covered employer. (Dkt. 36).

On March 26, 2015, plaintiff moved to file a Second Amended Complaint in an attempt to salvage her KWPA claims. (Dkt. 40). Her proposed amendment sought recovery of unreimbursed expenses under the KWPA. The court determined that such expenses are not recoverable under the KWPA because they are not "wages due." The court thus denied the motion to amend because the proposed amendment was futile. (Dkt. 44).

## II. Analysis

Plaintiff moves for leave to amend her complaint in another attempt to salvage previously-dismissed KWPA claims. FGX argues that the proposed Amended

Complaint is futile because the court already rejected the proposed changes. The court disagrees.

"[T]he court should freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). It is within a court's discretion to deny leave to amend if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotation and citations omitted). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Plaintiff's proposed amendment revises plaintiff's class definitions and Count II regarding KWPA claims. Notably absent from the current proposed amendment are previously-rejected allegations of unreimbursed expenses and unpaid minimum or overtime wages in connection with a KWPA claim. (Dkts. 36, 44). Instead, the proposed amendment seeks recovery of unpaid straight-time wages at an allegedly contracted hourly rate. (Dkt. 45-1, at 14-15). Kansas employees may use the KWPA to recover wages due under a lawful employment contract. *See Coma Corp. v. Kan. Dept. Labor*, 154 P.3d 1080, 1088 (Kan. 2007). The proposed amendments sufficiently allege a plausible KWPA claim and are not futile.

IT IS ACCORDINGLY ORDERED this 15th  day of July, 2015, that plaintiff's Motion for Leave to Amend (Dkt. 45) is GRANTED. The clerk of the court is directed to file plaintiff's Second Amended Complaint (Dkt. 45-1) as of the date of this order.

s\ s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE